IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:18-cv-00455-D

| | |
|---|---|
| JORGE SUAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **CONSENT PROTECTIVE ORDER** |
| CAMDEN PROPERTY TRUST, | ) |
| CAMDEN DEVELOPMENT, INC., and | ) |
| CSP COMMUNITY OWNER, LP f/k/a | ) |
| CSP COMMUNITY OWNER, LLC, d/b/a | ) |
| CAMDEN WESTWOOD, | ) |
| | ) |
| Defendants. | ) |

WHEREAS, there is good cause, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the entry of a protective order limiting disclosure of documents and information generated during discovery in this action, it is hereby ORDERED:

1. <u>Scope of Order</u>. This Order governs the handling and disclosure of all materials produced, given, exchanged, or filed herein by any party or witness (each a "Producing Party") during discovery and other proceedings in this action (which includes but is not limited to all claims against all parties, including third party claims, and mediation, arbitration, or other alternative dispute resolution process, settlement proceedings, and/or appeals) (the "Action") designated as "Confidential Information."

2. <u>Agreement on Use of Confidential Information</u>. All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this Action, as defined above, and shall not be used or disclosed by any person for any other purpose.

3. "<u>Document</u>." When used in this Order, the term "document" means all writings, drawings, graphs, charts, recordings, computer disks and tapes, audiotapes,

videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

4. "<u>Material</u>." When used in this Order, the term "material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

5. "<u>Confidential Information</u>." When used in this Order, the term "Confidential Information" means a trade secret or other confidential or proprietary information including, but not limited to confidential financial records and data, confidential business records and data, confidential business policies and procedures, and any information that would place a Producing Party at a competitive disadvantage in the event such information were released to competitors or to the general public. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

6. <u>Designation of Confidential Material</u>. A Producing Party may designate material produced in the course of discovery as "Confidential Information." The production or disclosure pursuant to the terms of this Order of Confidential Information by a person shall not waive or prejudice the right of that person to object to the production or admissibility of documents or information in this or any other action. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

Any party who produces Confidential Information as defined in this Order or who designates material as Confidential Information as set forth in this Paragraph shall be referred to as the "Designating Party."

If it comes to the Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

Designation of material as Confidential Information shall be made as follows:

a. In the case of documents furnished by the Designating Party, by writing, typing, or stamping on the face of such document the legend "CONFIDENTIAL INFORMATION";

b. In the case of discovery responses, by responding separately to the requests which elicit Confidential Information and by writing, typing, or stamping on each such page of such separate responses, or on the title or cover page, the legend "CONFIDENTIAL INFORMATION"; and

c. In the case of deposition testimony, either by (i) designating the question asked or the testimony given, at the time asked and/or given, as Confidential Information, (if the confidential portion of a transcript cannot be conveniently segregated then the entire transcript or pleading shall be deemed confidential), or (ii) by giving notice in writing to the reporter and counsel of record for all parties within thirty (30) days after receipt of the transcript of the portions containing Confidential Information, in which event all counsel shall appropriately mark their copies of the transcript. Prior to the conclusion of this thirty (30) day period and the party's notification pursuant to this paragraph, both Plaintiff and Defendant shall maintain the deposition and all of its exhibits in strict confidence.

If a party in good faith wishes to challenge the Disclosing Party's designation of information or documents as confidential (the "Objecting Party"), the Objecting Party shall:

i. Notify the Designating Party in writing reasonably identifying the information by specifying the Bates number(s) and, in addition, if seeking to provide information or documents to a competitor, the identity of the competitor;

ii. The parties will meet and confer in an effort to reach agreement regarding the information at issue within seven (7) days of receiving the notification;

iii. If, after 14 business days of the Objecting Party's notification to the Designating Party, the parties cannot reach agreement on whether some or all of the information should remain designated as confidential, then the Objecting Party may file a formal motion with the Court seeking an order stating that the information designated as confidential is not "Confidential Information" within the meaning of this Order and is not entitled to the protections of this Order. It shall be the Producing Party's burden to establish that the disputed information is Confidential.

7. <u>Scope of Permitted Disclosure</u>. Except upon further order of the Court, Confidential Information shall be disclosed only to the following persons:

   a. parties to this action;

   b. the officers, directors, agents, and employees of the Defendant who are participating in the prosecution or defense of this action (including but not limited to any mediation, arbitration, or any other settlement process and appeals), or who otherwise have a need to know of the Confidential Information for purposes of the lawsuit;

   c. law firms of record of the parties to this action and such firms' attorneys and office staff;

   d. independent experts and consultants (including in-house experts and consultants) consulted by or assisting a party in this action;

   e. a deponent, witness, or potential witness whom a party or a party's counsel in good faith believes may have information relevant to this action, not covered under Paragraphs 7(a) and 7(b), where the Confidential Information is related to the questions asked to or the testimony of such deponent or witness;

   f. professional jury or trial consultants, mock jurors, and professional vendors;

   g. court reporters, the Court, the staff of the Court, mediators, and the members of the jury.

8. <u>Conditions of Disclosure to Experts or Witnesses</u>. Prior to disclosure of Confidential Information to any person set forth in Paragraphs 7(d), 7(e), and 7(f) of this Order the Disclosing Party shall inform such person that Confidential Information shall be used for the purposes of the prosecution or defense of this action only. The Disclosing Party also shall present a copy of this Confidentiality Order to such person and have such person

confirm in writing that he/she is to be bound by the terms of said Order. Any person described in Paragraphs 7(a), 7(b) and 7(c) of this Order is bound by the provisions of this Order without the necessity of executing a Confidentiality Agreement. All such persons shall be bound by the terms of the Confidentiality Order, and shall not permit disclosure of Confidential Information other than pursuant to the terms of this Confidentiality Order. Counsel shall keep a record of all persons to whom disclosure of Confidential Information is made pursuant to Paragraphs 7(d), 7(e), and 7(f) and counsel shall retain in their possession, custody, and control all Confidentiality Agreements signed by such persons. For good cause shown, counsel shall make such records and Confidentiality Agreements available for inspection upon reasonable request of any other party to this Order.

9. <u>Conditions of Other Disclosure</u>. If a party desires to disclose any Confidential Information to any person not described in Paragraph 7 of this Order, counsel for the Disclosing Party shall inform in writing counsel for the Designating Party at least ten (10) days in advance of such disclosure (or such other time as agreed to by the parties in writing) of the intent so to disclose, including a general description of the materials to be disclosed, the designation given to such material, and the name and address of the person to whom the disclosure is to be made. If the Designating Party gives notice of objection to such disclosure within the prescribed ten (10) day period, such objection must be resolved by the Court before the disclosure may be made. In the event of any such objection, the Disclosing Party shall bear the burden of moving for resolution of the dispute by the Court.

10. <u>Objection Procedure</u>. Any dispute as to the designation of any materials as confidential shall be resolved by the Court upon motion of either party. The Designating Party shall bear the burden of showing good cause for the designation under Rule 26(c) of the Rules of Civil Procedure and this Order. During the period between the initial designation of the material by the Designating Party and the Court's determination of the

objecting party's motion, such material shall be treated as Confidential Information under this Agreement.

11. <u>Inadvertent Disclosures</u>.  The parties agree that in the event the producing party or other person inadvertently fails to designate materials hereunder, it may make such a designation subsequently by notifying all persons and parties to whom such materials were produced, in writing, within thirty (30) days of the producing party first discovering such inadvertent disclosure.  In no event, however, may a producing party or other person designate or re-designate inadvertently produced materials within fourteen (14) days prior to trial. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated materials as "CONFIDENTIAL INFORMATION", subject to their right to dispute such designation in accordance with Paragraph 10. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notification.

With regard to privileged information or documents, nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of matter protected by privilege or work product protection. If a Producing Party inadvertently produces matter that it in good faith later asserts to be privileged or otherwise protected from disclosure, the production of that matter will not constitute a waiver of any applicable privileges or other protection, provided the producing party or non-party complies with this paragraph. In such circumstances, the producing party or non-party must, promptly after discovery of the inadvertent production, notify in writing all parties of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected matter. Upon such notification, the parties shall treat the matter as privileged or protected unless and until

the parties agree otherwise or the Court determines the matter is not privileged or protected. Within five (5) business days of receiving such notification, all receiving parties shall (a) return the matter to the Producing Party; or (b) confirm in writing to the Producing Party the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal matter claimed to be privileged or protected, or (c) notify the producing party or non-party in writing of the basis for its disagreement that such matter is privileged or protected from disclosure. In the last event only, the receiving party or parties may retain one copy of the matter asserted to be privileged for the sole purpose of responding to a motion by the Producing Party to deem the matter privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such matter and all other documents or records that include, communicate or reveal matter claimed to be privileged or protected. Should the parties be unable to agree on whether the matter is privileged or protected, the Producing Party shall file a motion with the Court within fifteen (15) days of its receipt of the receiving party's notice of disagreement under (c) above, to deem the matter privileged or protected and to obtain the return of any copy of such matter still held by the receiving party. In no event shall production of any privileged information be deemed a waiver of privilege regarding any other information.

12. <u>Filing with Court</u>. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel for the filing party shall confer with counsel for the Designating Party and obtain that party's position as to how much, if any, should be redacted or placed completely under seal. If the Designating Party desires that the materials be filed under seal, then the filing party should then follow the procedures for filing Confidential Information under seal pursuant to the requirements of Rule 79.2 of the

Local Rules for the Eastern District of North Carolina, with notice served upon the Designating Party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

13. Nothing in this Order shall prohibit disclosure of a document which has been designated Confidential Information to the author of such document or any person(s) who received such document.

14. Trial. This Order is concerned only with procedures for the disclosure and use of Confidential Information during the pretrial stages of this action. A separate order will be entered at the appropriate time regarding the use of Confidential Information during the trial or trials of any matter or issue herein.

15. Return of Information. With the exception of material maintained in the files of the Court, all Confidential Information shall be returned to counsel for the party or

witness producing such information within a reasonable period after the final disposition of this action, including the conclusion of any and all appeals.

16. <u>Enforcement of Order</u>. Each person who receives Confidential Information in this action submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be found, solely for the purposes of the enforcement of this Order.

17. <u>Modification in Writing</u>. The parties may modify this Order at any time by an agreement in writing, signed by counsel for both parties. Any such modification shall be put in the form of an order modifying this Order and shall become effective upon the date on which it is entered by the Court. In addition, either party may move for an order modifying this Order upon good cause shown. Prior to any such application, the party seeking to modify this Order will confer with the other party to attempt to reach an agreement with respect to such modification.

18. <u>Effective Date of Order</u>.  It is the intention of the parties to submit this Order for approval as an Order of this Court. Nonetheless, the agreement of the terms of this document is effective as between the parties immediately upon execution by the parties. Any designation of confidentiality hereunder shall not be affected by reason of the fact it may have taken place prior to or in lieu of a final confirmation of this Order by this Court.

Dated:  January 16, 2020

*Robert T Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge

CONSENTED TO:

| | |
|---|---|
| /s/ Karl S. Gwaltney | /s/ D.J. O'Brien III |
| Edward H. Maginnis | Kearns Davis |
| Karl S. Gwaltney | N.C. State Bar No. 22014 |
| MAGINNIS LAW, PLLC | kdavis@brookspierce.com |
| 4801 Glenwood Avenue, Suite 310 | Jennifer K. Van Zant |
| Raleigh, NC 27612 | N.C. State Bar No. 21280 |
| emaginnis@maginnislaw.com | jvanzant@brookspierce.com |
| kgwaltney@maginnislaw.com | D.J. O'Brien III |
| | N.C. State Bar No. 35481 |
| Scott C. Harris | dobrien@brookspierce.com |
| Patrick M. Wallace | Craig D. Schauer |
| WHITFIELD BRYSON & MASON LLP | N.C. State Bar No. 41571 |
| 900 W. Morgan Street | cschauer@brookspierce.com |
| Raleigh, NC 27603 | Jessica Thaller-Moran |
| scott@wbmllp.com | N.C. State Bar No. 46444 |
| pat@wbmllp.com | jthaller-moran@brookspierce.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |