IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:18-cv-00455-D

| | |
|---|---|
| JORGE SUAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **CASE MANAGEMENT ORDER** |
| CAMDEN PROPERTY TRUST, | ) **(ESI)** |
| CAMDEN DEVELOPMENT, INC., and | ) |
| CSP COMMUNITY OWNER, LP f/k/a | ) |
| CSP COMMUNITY OWNER, LLC, d/b/a | ) |
| CAMDEN WESTWOOD, | ) |
| | ) |
| Defendants. | ) |

Pursuant to the agreement of counsel, the Court ORDERS as follows:

**I.** **General Guidelines**

1. This Order (the "Protocol") will govern discovery of hard copy documents and Electronically Stored Information ("ESI") in this matter as a supplement to the Federal Rules of Civil Procedure and United States District Court for the Eastern District of North Carolina Local Rules.

2. This Protocol is not intended to expand any document preservation or production requirements under the Federal Rules of Civil Procedure or limit any protection available to a Party under the Federal Rules of Civil Procedure or the Federal Rules of Evidence. The Parties will endeavor to comply with this Protocol, but if compliance with this agreement creates an undue burden or expense, the Parties shall attempt to resolve such issues in good faith.

3. By agreeing to this Protocol, no Party waives any rights under Federal Rule of Civil Procedure 26. Further, the Parties agree that the standard enumerated in Rule 37(e) will govern any issue regarding spoliation measures or sanctions in this case.

## II. DEFINITIONS

1. "Parties" shall mean Plaintiff(s) and Defendants. "Party" shall mean any individually named Plaintiff(s) or Camden Property Trust, Camden Development, Inc., and CSP Community Owner, LP (hereafter "Camden"). To the extent that additional Parties are transferred, coordinated, or consolidated into this proceeding, this Order shall govern the continuing obligations of such additional Parties regarding preservation of documents, and ESI, on a going-forward basis.

2. "ESI," for the purposes of this Agreement, shall be the same as the term "electronically stored information" in Fed. R. Civ. P. 34.

3. "Records" shall include "documents" and "electronically stored information" as defined in Federal Rule of Civil Procedure 34(a) that fall within the scope of Federal Rule of Civil Procedure 26(b). Since the preservation of tangible materials other than documents shall be addressed in a separate case management order, as used herein, "Records" shall not include tangible materials.

4. "Backup Systems" refers to computer systems used to store electronic information on magnetic tapes or other media to permit recovery of the information in the event of a disaster or equipment failure.

5. "Backup Media," or "Tapes" refers to magnetic tapes or other media onto which Backup Systems store such electronic information.

6. "Preserve" or "Preservation" shall mean taking reasonable steps to prevent the partial or full destruction, alteration, deletion, shredding, incineration, wiping, theft or mutation of Records, as well as negligent or intentional handling that would make material incomplete or inaccessible. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all Records reasonably anticipated to be subject to

discovery under Federal Rules of Civil Procedure 26, 45 and 56(e) in this action. If duplicative records exist, only one copy of that record must be preserved.

6. "Custodians(s)" shall mean individuals who are within the custody or control of the Parties pursuant to Federal Rule of Civil Procedure 34 and who have discoverable ESI or documents in their possession.

7. "Custodial File" shall mean Records produced for a given Custodian consisting of relevant, responsive, non-privileged: (1) ESI or paper documents that represent that Custodian's individual files (as opposed to departmental or company-wide files); (2) the Custodian's individual email account(s). "Custodial File" does not include Defendants' Custodian's personal devices.

8. "Discoverable" shall mean all Records discoverable under Federal Rule of Civil Procedure 26(b)(1), if accessing, reviewing, and producing such records would be proportional to the needs of the case, including all Records containing information that is relevant to the allegations and defenses in these actions.

## III. Preservation

The Parties have discussed their preservation obligations and needs and agree to the reasonable and proportional preservation of potentially relevant documents and ESI. To reduce the costs and burdens of preservation while still ensuring the preservation of relevant information, the Parties agree to continue to meet and confer, as appropriate, regarding preservation parameters.

## IV. General Search Guidelines

The Parties agree that in responding to an initial request under Federal Rule of Civil Procedure 34, or earlier if appropriate, they will meet and confer regarding appropriate search methodologies for relevant and reasonably accessible documents and ESI.

V. **Disclosure**

1. Within 30 days of the Court's entry of this Protocol, the Parties shall produce in writing:

    a. A list of the custodians that each producing Party's believes most likely to have possession, custody or control of relevant electronic materials, including each person's title and a brief description of such person's responsibilities.

    b. A list of locations and/or ESI storage system(s) that the producing Party has identified as likely locations of relevant, non-duplicative, and reasonably accessible documents and ESI. This will include a general description of each location, which may include the dates of service, nature, scope, character, organization, and formats employed in each system. However, this provision does not provide a receiving Party with a general right of access to a producing Party's information systems.

    c. If a responding Party believes that it has or may have potentially responsive ESI that is inaccessible or only of limited accessibility and, hence, not subject to discovery in this action, then such Party shall disclose:

        i. The general nature of such information (e.g., correspondence, meeting minutes, etc.);

        ii. The reason(s) why the information is considered inaccessible or of only limited accessibility; and

        iii. The parties agree to meet and confer following the identification of any such sources, to determine whether the likely benefit of obtaining discovery from such sources may exceed the cost or burden, shifted or otherwise, of obtaining such discovery.

VI. **Production Formats**

1. The parties agree that any document production received from a third party shall be produced in the format in which it was received.

2. Paper Records amenable to being imaged will be produced as images. Records shall be produced as black and white Group IV single-page TIFF (300 DPI, 1 bit) with the exception that documents not amendable to imaging, may be produced in native format. Any color images for which color is critical to the document should be produced as single page color

jpegs (.JPG); if color is not critical then the document should be produced in black and white. If after reviewing a black and white document, a Receiving Party believes that color is critical to a document, the parties agree to engage in discussion regarding production of discrete documents in color, which production will not be unreasonably withheld. The parties shall provide image load files in Concordance (.OPT) format so as to facilitate the use of the produced images by a document management or litigation support system.

   3.  Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order entered in this litigation. Reasonable efforts shall be made to scan the pages at or near their original size. Physically oversized originals, however, may appear reduced. In addition, reducing an image may be necessary to display production numbers and confidentiality designations without obscuring the text. Paper documents produced in this manner will be accompanied by load files with searchable text (including OCR text). If a Party desires additional information about a particular paper document produced in this form, the Parties will meet and confer regarding the appropriate means to supply that information. Nothing in this paragraph shall be deemed to require a party to produce a paper duplicate of a document produced in electronic form.

   4.  ESI will be accompanied by load files with searchable text (including electronically extracted text or, if electronically extracted text is unavailable, OCR text), and to the extent available:

    a.  Unitization (including the production number of the first and last page of each file);

    b.  Attachments (including information sufficient to identify the parent and child relationships of all documents and ESI that are or have attachments);

    c.  Source information (including the identity of the custodian, or, if none, a generalized location); and

        d.        Metadata (including author, file type, date created, title, sender ("from"), primary recipient ("to"), courtesy or carbon copy ("cc"), blind courtesy or carbon copy ("bcc"), subject, sent time/date, and received time/date).

        5.        To the extent that unformatted spreadsheets (meaning spreadsheets that the user did not create to fit on a printed page) executable files, videos, animations, audio files, PowerPoint files, and presentations that include video, animation, or audio are discoverable, these items shall be produced where practical in native format. To the extent that documents produced in native format cannot be rendered or viewed without the use of propriety software, the Parties shall meet and confer regarding any objections to production and possible means to minimize any expense or burden associated with the review of such documents, including issues that may arise with respect to obtaining access to any such software or operating manuals. All documents produced as native files shall be accompanied by an image (TIFF) placeholder containing the Bates number and confidentiality designation.

        6.        If production of a particular document as a native format file would result in the disclosure of information protected by the attorney-client privilege, the work-product doctrine or that is otherwise protected from discovery, the producing Party may object to its production as a native file and produce, with redactions, the document in native or static image format as specified above.

        7.        Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. These files are typically very large and would, if rendered to static image format (e.g., to accommodate redaction of confidential or irrelevant information), produce thousands of pages that would have little utility to a reviewer. The producing Party may opt to produce relevant and responsive information from databases in an alternative

form, such as a report or data table. These reports or data tables will be produced in a static image format. If a receiving Party deems the report or data table not to be a reasonably usable form, then the Parties shall meet and confer to determine an alternative form of production for the particular report(s) or data table(s) in issue.

8. If a responding Party identifies responsive documents or information in a form that cannot reasonably be imaged and that does not fall within the categories to be produced in native format, that Party shall inform the requesting Party of the existence of such records. The Parties shall then meet and confer regarding the appropriate means for producing or permitting inspection of such documents or information.

9. All imaged documents shall be provided with an associated image load file. No document should span or break across multiple folders.

## VII. Duplicates

To the extent that duplicate documents or ESI reside within a Party's data set, each Party is only required to produce a single copy of the responsive information. If the issue of multiple custodians appears to be relevant to the authentication or use of a particular document, the parties shall meet and confer to identify relevant custodians for such document.

## VIII. Documents Protected From Discovery

1. Nothing in this agreement shall be interpreted to require disclosure of irrelevant information or of relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. The Parties do not waive any objections to the production or discoverability of any document or information, including, without limitation, objections regarding overbreadth, or relevance of documents requests.

2. Privilege logs shall comply with Federal Rule of Civil Procedure 26(b)(5), which requires a party to: Expressly identify the privilege asserted; and describe the nature of the Record not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess this claim. If a number of documents are of a type that can be described collectively in a manner that complies with the foregoing, then the parties may describe them collectively.

3. Privilege logs provided in lieu of producing requested documents shall be produced no more than 45 days after the date upon which the documents were required to be produced or were partially produced. If documents are produced on a rolling basis, a corresponding privilege log for all redactions or withheld documents shall be produced within 45 days of the production of documents from each wave.

## IX. <u>Privilege Dispute Procedure</u>

1. Any party seeking to challenge a claim of privilege shall meet and confer with the party asserting the privilege to attempt to resolve the issue(s) prior to submitting a challenge to the court.

2. If a meet-and-confer does not resolve all issues, any party seeking to challenge a claim of privilege shall submit a motion identifying the specific entries on the adverse party's privilege log that it believes to be inadequate or improper and providing the basis for the challenge. If the content of a party's privilege log is deemed inadequate, the party asserting the privilege shall within a reasonable time supplement the information in the privilege log with respect to the inadequate entries at issue.

## X. <u>Non-waiver of Privilege</u>

1. Pursuant to Fed. R. Evid. 502(d), the unintentional production of any document or other information during discovery in this action shall be without prejudice

to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product doctrine, and no party shall be held to have waived any rights by such unintentional production.

    a. Records that contain privileged or legal work product shall be immediately returned or destroyed if there is notice of the unintentional production. The party to whom the document is returned must preserve it for possible production in the future.

    b. To the extent that the information contained in a document subject to a claim has already been used in or described in other materials generated or maintained by the receiving party, then the receiving party will delete such documents, or, if a privilege challenge is pending, sequester such documents until the challenge has been resolved. If the receiving party disclosed the specified information before being notified of its unintentional production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified information until the claim is resolved.

    c. These provisions do not govern the adjudication of disputes concerning the applicability of privileges, work product protections and other restrictions on disclosure which may apply to materials produced in this case. Rather, these provisions govern the procedures by which a producing party may request the return of documents that contain privileged and otherwise restricted material that have been unintentionally furnished to an opposing party. All other disputes regarding privilege shall be resolved pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The parties acknowledge that either party may challenge the other party's claim of privilege pursuant to the Federal Rules of Civil Procedure.

## X. <u>Modification</u>

This Protocol may be modified by stipulated request, subject to Court approval, or by the Court for good cause shown.

Dated: January 16, 2020

_Robert T. Numbers II_
Robert T. Numbers, II
United States Magistrate Judge

CONSENTED TO:

| /s/ Karl S. Gwaltney | /s/ D.J. O'Brien III |
|---|---|
| Edward H. Maginnis | Kearns Davis |
| Karl S. Gwaltney | N.C. State Bar No. 22014 |
| MAGINNIS LAW, PLLC | kdavis@brookspierce.com |
| 4801 Glenwood Avenue, Suite 310 | Jennifer K. Van Zant |
| Raleigh, NC 27612 | N.C. State Bar No. 21280 |
| emaginnis@maginnislaw.com | jvanzant@brookspierce.com |
| kgwaltney@maginnislaw.com | D.J. O'Brien III |
| | N.C. State Bar No. 35481 |
| Scott C. Harris | dobrien@brookspierce.com |
| Patrick M. Wallace | Craig D. Schauer |
| WHITFIELD BRYSON & MASON LLP | N.C. State Bar No. 41571 |
| 900 W. Morgan Street | cschauer@brookspierce.com |
| Raleigh, NC 27603 | Jessica Thaller-Moran |
| scott@wbmllp.com | N.C. State Bar No. 46444 |
| pat@wbmllp.com | jthaller-moran@brookspierce.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |